UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ATA AIRLINES, INC., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 1:08-CV-0785-RLY-WGH <br> ) |
| FEDERAL EXPRESS CORPORATION, | ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

## AMENDED ANSWER AND COUNTERCLAIM

Federal Express Corporation ("FedEx"), Defendant herein, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure having obtained the written consent of opposing counsel, and relief from the automatic stay provisions of 11 U.S.C. §362, Bankruptcy Code, files this its Amended Answer and Counterclaim to the Complaint of ATA Airlines, Inc. ("ATA") states as follows:

### I.

### INTRODUCTION

1. FedEx admits that ATA has been a member of the FedEx Team that has contracted on an annual basis with the United States Air Force's Air Mobility Command ("AMC") for a number of years including the current contract fiscal year that began on October 1, 2007 and continues to September 30, 2008 ("FY"). The remaining statements in paragraph 1 are denied.

2. FedEx admits that ATA filed a petition in bankruptcy on April 2, 2008. The remaining statements in paragraph 2 are neither allegations of fact nor statements of law but are merely inflammatory conclusory statements meant solely to prejudice the reader and should be stricken from the pleadings. To the extent they are deemed to be allegations of fact they are denied.

## II.

## PARTIES, JURISDICTION AND VENUE

3. FedEx admits the corporate existence of ATA and its place of business. FedEx lacks knowledge or information sufficient to admit or deny the remaining allegations, therefore they are denied.

4. FedEx admits the allegations of paragraph 4.

5. The statements in paragraph 5 are conclusions of law that require no response.

## III.

## FACTUAL BACKGROUND

6. FedEx admits that ATA has participated in the annual contracts awarded by AMC to the FedEx Team for several years including FY08. FedEx admits that ATA filed a petition in bankruptcy on April 2, 2008 and without notice to FedEx or AMC ceased operations on April 3, 2008. FedEx lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 6, therefore they are denied.

7. FedEx admits that ATA has participated in the CRAF program in years past and for FY08 was a member of the FedEx Team that has contracted to provide transportation services to the military through September 30, 2008. The remaining allegations of paragraph 7 are denied.

8. FedEx admits that it is the leader of what is known as the FedEx Team and that there is another team known as the Alliance Team. FedEx lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 8, therefore they are denied.

9. FedEx admits that ATA and Omni Air International are members of the FedEx Team for the FY08 AMC contract. They have been members of the Team in years past and have contracted with AMC in those years. FedEx denies the remaining allegations of paragraph 9.

10. FedEx admits that ATA is a member of the FedEx Team for the FY07 and FY08 AMC contracts. The remaining allegations of paragraph 10 are denied.

11. Upon information and belief FedEx admits that ATA made a business decision to transition a portion of its fleet through the acquisition of certain DC-10-30 aircraft. FedEx denies that it participated in any way in the decision made by ATA in that regard. FedEx lacks knowledge or information sufficient to admit or deny the reasons stated for the acquisition or the terms

       of the acquisition, therefore those allegations are denied. FedEx denies the remaining allegations of paragraph 11.

12.     FedEx lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 12, therefore they are denied.

13.     FedEx admits that ATA performed its obligations under the FY07 contract with AMC. FedEx denies the remaining allegations of paragraph 13.

14.     FedEx admits that it notified ATA by letter dated January 22, 2008 that it would not be a member of the FedEx Team effective at the end of the FY08 contract year. The remaining allegations of paragraph 14 are denied.

15.     FedEx denies the allegations of paragraph 15.

16.     FedEx denies the allegations of paragraph 16.

17.     FedEx denies the allegations of paragraph 17.

18.     FedEx admits that ATA filed a petition in bankruptcy on April 2, 2008. FedEx denies the remaining allegations of paragraph 18.

19.     FedEx objects to the statements contained in paragraph 19. The statements have no basis in fact and are inflammatory and intended solely to prejudice the reader. FedEx denies the allegations of paragraph 19. ATA was the party contractually obligated to provide services to the military through September 30, 2008, which it failed and refused to do. It was the failure of ATA to perform its obligations under the AMC contract that caused any delays in the transportation of military personnel.

## IV.

## CLAIMS FOR RELIEF

**A.**     **Breach of Contract**

20.     FedEx restates its responses to paragraphs 1-19.

21.     FedEx denies the allegations of paragraph 21.

22.     FedEx denies the allegations of paragraph 22.

**B.**     **Breach of Fiduciary Duty**

23.     FedEx restates its responses to paragraphs 1-22.

24. FedEx admits it is the sole payee under the AMC Agreement for FY08. FedEx denies the remaining allegations of paragraph 24.

25. FedEx admits that the Contractor Team Arrangement Agreement was executed by the parties named in paragraph 25. The Agreement speaks for itself. The characterizations and paraphrases stated in paragraph 25 are denied.

26. FedEx admits that a Team Arrangement Agreement for 2008 was executed by the parties. The Agreement speaks for itself. The characterizations and paraphrases stated in paragraph 26 are denied.

27. FedEx admits that a Contractor Team Fee Agreement was executed by FedEx and ATA as the sole parties at a time before the beginning of the FY08 AMC contract.

28. FedEx admits that the Fee Agreement existed. The Fee Agreement speaks for itself. The characterizations and paraphrases stated in paragraph 28 are denied.

29. FedEx denies the allegations of paragraph 29.

30. FedEx denies the allegations of paragraph 30.

31. FedEx denies the allegations of paragraph 31.

32. FedEx denies the allegations of paragraph 32.

33. FedEx denies the allegations of paragraph 33.

34. FedEx denies the allegations of paragraph 34.

**C.** **Breach of Duty of Good Faith and Fair Dealing**

35. FedEx restates its response to paragraphs 1-34.

36. FedEx denies the allegations of paragraph 36.

37. FedEx denies the allegations of paragraph 37.

**D.** **Equitable Estoppel**

38. FedEx restates its responses to paragraphs 1-37.

39. FedEx admits that ATA was a member of the FedEx Team in FY08. The remaining allegations of paragraph 39 are denied.

40. FedEx denies the allegations of paragraph 40.

41. FedEx denies the allegations of paragraph 41.

42. FedEx admits that ATA performed its obligations under the FY07 contract with AMC. The remaining allegations of paragraph 42 are denied.

43. The statements in paragraph 43 appear to be conclusions of law to which no response is required. To the extent the allegations of paragraph 43 are allegations of fact they are denied.

44. The statements in paragraph 44 appear to be conclusions of law to which no response is required. To the extent the allegations of paragraph 44 are allegations of fact they are denied.

45. FedEx denies the allegations of paragraph 45.

### E. Promissory Estoppel

46. FedEx restates its responses to paragraphs 1-45.

47. The statements in paragraph 47 appear to be conclusions of law to which no response is required. To the extent they are intended to be allegations of fact they are denied.

48. FedEx denies the allegations of paragraph 48.

### F. Constructive Fraud/Fraudulent Concealment

49. FedEx restates its responses to paragraph 1-48.

50. The statements in paragraph 50 appear to be conclusions of law to which no response is required. To the extent they are intended to be allegations of fact they are denied.

51. FedEx denies the allegations of paragraph 51.

52. FedEx denies the allegations of paragraph 52.

53. FedEx denies the allegations of paragraph 53.

54. FedEx denies the allegations of paragraph 54.

55. FedEx denies the allegations of paragraph 55.

**G.      Attorney's Fees**

56.     FedEx restates its responses to paragraphs 1-56.

57.     FedEx denies the allegations of paragraph 57.

## V.

## JURY TRIAL DEMANDED

58.     The allegations of paragraph 58 do not require a response.

## VI.

## PRAYER

The remainder of the Complaint is Plaintiff's Prayer for Relief, to which no response is required.  Insofar as an response is deemed required, Defendant denies that Plaintiff is entitled to the relief set forth in Paragraphs 1-9 of the Prayer, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

As separate, distinct, and affirmative defenses to Plaintiff's Complaint, and to the purported causes of action therein, Defendant alleges and avers the following:

### FIRST DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### SECOND DEFENSE

Plaintiff had failed to mitigate its claimed damages.

### THIRD DEFENSE

Any amounts sought by plaintiff in this action must be set off against amounts owed by Plaintiff to Defendant.

## COUNTERCLAIM

Comes Federal Express Corporation, Defendant herein, and for its Counterclaim pursuant to Rule 13 of the Federal Rules of Civil Procedure and states as follows:

## AUTHORITY TO PURSUE

The United States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division in docket Number 08-3675-BHL-11 at Document No. 679 granted FedEx relief from the automatic stay under the provisions of 11 U.S.C. §362, the Bankruptcy Code, to pursue the Counterclaim filed herein.

## PARTIES

1. Federal Express Corporation ("FedEx") is a corporation organized and existing under the laws of the state of Delaware and has its principal place of business in Memphis, Tennessee.

2. ATA Airlines, Inc. ("ATA") is a corporation organized and existing under the laws of the state of Indiana and has its principal place of business in Indianapolis, Indiana. ATA is currently under the protection of the United States Bankruptcy Court for the Southern District of Indiana having filed a petition for protection under Docket No. 08-03675-BHL-11 on April 2, 2008.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper under §§1391(a) and (c).

## FACTUAL BACKGROUND

4. In 1989 FedEx began contracting with the Department of Defense, Air Mobility Command ("AMC") as a Team Leader to provide cargo and passenger transportation services to the military. The services were provided in conjunction with Teaming Arrangements negotiated on an annual basis with other cargo airlines and passenger airlines.

5. On a fiscal year basis AMC issues solicitations for proposals from airlines either individually or from Team Leaders who represent airlines that have been chosen to respond collectively to the solicitation. In a typical year the solicitation is issued in May or June. Responses from bidders are due mid-summer and an award of the contracts is typically made in late summer or early fall. The term of the contracts is the fiscal year used by the Department of Defense, i.e., October 1-September 30.

6. The contract for FY09, which begins October 1, 2008, was awarded by AMC on September 8, 2008.

7. In late summer 2006 FedEx had discussions with ATA and Omni Air International concerning the distribution of passenger work under the AMC agreements. FedEx proposed that the passenger business under the contract would be divided between ATA and Omni equally. ATA readily accepted the proposal but Omni was unwilling to agree to limit its share of the passenger business to 50% in any year in which it might be a participant in the Teaming Arrangement. As a result of Omni's refusal to accept the proposal all parties were notified that the proposal was rejected.

8. The FedEx Team accepted the award of the contract for FY08 on September 24, 2007.

9. Only three passenger airlines were active members of the FedEx Team for the FY08 AMC contract. Those airlines were ATA, Northwest Airlines and Omni International Air. The remaining members of the FedEx Team provided cargo transportation exclusively.

10. Each of the members of the FedEx Team enter into individual Team Arrangement Fee Agreements with FedEx that sets out the level of participation of that member and the fee to be paid to FedEx for participation in the Team.

11. On September 27, 2007 ATA agreed to the following terms for participation in the FY08 AMC contract:

> (iv) ATA shall be entitled to fifty percent (50%) of the Contractor Teams (sic) prorata share of the wide body and narrow body fixed award. ATA shall be entitled to fifty percent (50%) of the narrow body expansion; and fifty percent (50%) of the residual wide body expansion ***after NWA has operated up to ten flights per month.*** (emphasis added.)

12. During FY08 [October 1, 2007-September 30, 2008] ATA was a member of the FedEx Team providing services to AMC. In the month of April 2008 ATA was obligated by contract to provide a schedule of flights from Seattle, Washington to various locations in Japan transporting United States military personnel and their families to and from assignments in those locations. In addition, ATA was scheduled to transport military personnel on rest and relaxation (R&R) leave to and from locations in

        Kuwait to Dallas, Texas in addition to other flights of military personnel to various locations worldwide.

13. In addition to the flights in April 2008, pursuant to the Team Contract with AMC, ATA was obligated in every month through September 2008 to provide transportation for military personnel worldwide.

14. On April 3, 2008 without notice to FedEx or any other member of the FedEx Team ATA announced that it was ceasing operations and would not honor its obligations under the FY08 contract with AMC.

15. As a result of ATA's failure and refusal to perform the obligations under the AMC contract certain of the flights originally awarded under the contract to the FedEx Team were withdrawn by AMC.

16. As a result of ATA's failure and refusal to perform its obligations under the contract it was necessary for FedEx as Team Leader to attempt to cover those obligations through the procurement of seats on commercially available flights at cost to the operation of the contract and to arrange for other airlines to provide the services originally to be provided by ATA resulting in additional costs to the performance of the contract that have not been fully determined and cannot be fully determined until the end of the contract year.

## **CLAIM FOR RELIEF**

Breach of Contract

17. FedEx re-alleges and incorporates by reference herein the allegations of paragraph 1-16 of its Counterclaim.

18. All conditions precedent to ATA's obligations to perform under the FedEx Teaming Arrangement Agreement and Team Arrangement Fee Agreement and under the AMC agreement have been satisfied.

19. As a direct result of the failure and refusal of ATA to perform the obligations more fully described in the preceding paragraphs FedEx has suffered damages and financial loss in an amount that has not yet been determined because of the ongoing nature of the obligations of ATA under the AMC contract but the damages will exceed $75,000 exclusive of interest and costs.

**WHEREFORE,** Federal Express Corporation prays that it have judgment against ATA Airlines, Inc. for any and all damages proved upon the trial of this cause; that the judgment granted be deemed an approved unsecured claim against the assets of the Estate of ATA in the bankruptcy proceeding pending in the United States Bankruptcy Court for the Southern District of Indiana, in the alternative, should ATA have judgment against Federal Express Corporation in the underlying action in this Court that the judgment be setoff against any amounts awarded to ATA and for any and all such other and further relief to which it may be entitled including its costs and reasonable attorneys' fees.

Respectfully submitted,

**/s/ *George E. Purdy***
George E. Purdy
Attorney No. 10749-41
Carina M. de la Torre
Attorney No. 24849-49

BOSE MCKINNEY & EVANS LLP
111 Monument Circle
Suite 2700
Indianapolis, Indiana  46204
(317)  684-5000
(317)  684-5173 (FAX)
gpurdy@boselaw.com
cdelatorre@boselaw.com

*and*

Robert R. Ross
Peter D. Blumberg, *Pro Hac Vice*
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building B – Second Floor
Memphis, Tennessee 38125
(901)  434-8369
(901)  434-4523 (FAX)
rrross@fedex.com
peter.blumberg@fedex.com

Attorneys for the Defendant,
Federal Express Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing "Amended Answer and Counterclaim" has been served upon the following counsel and parties of record electronically through the Clerk's ECF system or by first class United States Mail, postage prepaid, on the 16th day of September, 2008:

>John David Hoover
>Alice M. Morical
>Don R. Hostetler
>HOOVER HULL LLP
>jdhoover@hooverhull.com
>amorical@hooverhull.com
>dhostetler@hooverhull.com
>
>Thomas E. Kurth
>Kenneth E. Broughton
>W. Alan Wright
>HAYNES AND BOONE, LLP
>thomas.kurth@haynesboone.com
>kenneth.broughton@haynesboone.com
>alan.wright@haynesboone.com

/s/ **George E. Purdy**
George E. Purdy

1217389/21056-1