UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ATA AIRLINES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO: 1:08-cv-0785- RLY-DML |
| ) | |
| FEDERAL EXPRESS CORPORATION, ) | |
| Defendant. ) | |

## Order on Amended Agreed Protective Order

This matter is before the court on the parties' motion for entry of an Amended Agreed Protective Order (Dkt. 45). The motion is DENIED because the terms of the proposed order addressing the filing of materials designated "confidential" are not consistent with applicable law.[1] Specifically:

(1) The terms regarding the procedures for filing "confidential" materials with the court are inconsistent with the Local Rules of this court (*See* L.R. 5.1, 5.3, 5.6, and 5.10) and with CM/ECF procedures. For example, section 6(c) of the proposed order provides that "confidential" materials be placed in a "sealed container," a procedure rendered meaningless in the context of electronic filing. The Local Rules provide specific procedures for filing under seal.

(2) The proposed order runs afoul of the Seventh Circuit's admonition that a protective order must not "giv[e] each party carte blanche to decide what portions of the record shall be kept secret." *Citizens First Nat'l Bank of Princeton v. Cincinnati Insurance Co.,*

---

[1] The court recognizes that the parties' original agreed protective order—nearly the same as this one with respect to the terms relevant here—was approved. The court has denied this motion because it is important at this juncture to emphasize the principles that will guide this magistrate judge's review of proposed protective orders. This denial is without prejudice to the parties' submission of an amended protective order that properly addresses these principles.

178 F.3d 943, 945 (7th Cir. 1999).

(3)   The proposed protective order does not include the explicit provision required by the Seventh Circuit that either party *and any interested member of the public* can challenge the redaction or sealing of materials filed with the court.  *Cincinnati Insurance*, 178 F.3d at 946.

(4)   The terms of the proposed protective order do not satisfy this magistrate judge that the parties have adopted an appropriately narrow view of what can be legitimately sealed from the public record and that they will subject any contemplated filing of materials under seal to appropriate scrutiny.  *Id.*

By way of example (and not mandate), this magistrate judge will in most circumstances find the latter requirement satisfied when the proposed protective order provides an undertaking and certification that (a) before a party files under seal any material *it* has designated "confidential," its counsel will perform a document-specific, good faith examination of the materials to be filed under seal to ensure that they meet the legal and factual criteria for such treatment; (b) promptly after the filing under seal by a party of any materials designated "confidential" by *another party*, counsel for the *designating party* will perform a document-specific, good faith examination of the materials filed under seal to ensure that they meet the legal and factual criteria for continued maintenance under seal and will promptly file a request with the court that the filings be unsealed if those criteria are not met; and (c) if at any time during the pendency of an action, material being maintained by the court under seal no longer meets the legal and factual criteria for continued maintenance under seal—because of the passage of time or some other development—the designating party will promptly file a request with the court that the filings be unsealed.

If the court approves this or a similar provision in the protective order, it will normally not be necessary for each filing under seal to be accompanied by a separate request for leave to do so.  Rather, the general protective order may itself authorize filings of confidential materials under seal.  Counsel should note, however, that the court may still at any time require a designating party to show cause why materials it has designated "confidential" should continue to be maintained under seal.

To be clear, nothing in this order should be read to impose this rigorous level of scrutiny with respect to discovery documents a party wishes to designate as "confidential."  As Magistrate Judge Baker recently observed:

> As a practical matter, the Court is well aware of the practice of many counsel to overdesignate discovery responses as "confidential." Presumably it is easier on the producing party (and more efficient and thus less expensive) to overdesignate in this fashion rather than engage in a painstaking process of document-by-document (or even paragraph-by-paragraph) review of discovery materials to be produced. Massive electronic discovery production has significantly added to this challenge. From the Court's perspective, it makes little difference whether a document is marked as "confidential" during discovery, provided that a document so designated is not permitted to be filed under seal without some separate justification for doing so.

*Containment Technologies Group, Inc. v. American Society of Health System Pharmacists*, 2008 WL 4545310 (S.D. Ind. Oct. 10, 2008).[2]

And, as noted above, this magistrate judge does not intend to prescribe a rigid form for the parties' stipulated protective orders, but rather writes (1) to remind counsel of the limitations on both their and this court's ability to keep filed materials from public access, and (2) to suggest an approach that reconciles those limitations with the realities of modern practice.  Counsel are

---

[2] Of course, most agreed protective orders provide for a party's challenge to "confidential" designations.  In deciding a challenge to a designation of confidentiality, the court *would* employ this same rigorous level of scrutiny.

free to fashion other approaches, so long as those approaches are consistent with the applicable legal principles.

As a post-script, this magistrate judge also encourages parties to agree—in their stipulated protective orders or elsewhere—to serve opposing counsel by email a complete copy of any materials filed redacted or under seal immediately after filing, in order to avoid (a) delay in receipt of these filings by opposing counsel and (b) the necessity of service by regular mail.

So ORDERED.

01/28/2009

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Kenneth E. Broughton
HAYNES AND BOONE, LLP
kenneth.broughton@haynesboone.com

John David Hoover
HOOVER HULL LLP
jdhoover@hooverhull.com

Don R. Hostetler
HOOVER HULL LLP
dhostetler@hooverhull.com

Thomas E. Kurth
HAYNES AND BOONE, LLP
thomas.kurth@haynesboone.com

Carina M. de la Torre
BOSE MCKINNEY & EVANS, LLP
cdelatorre@boselaw.com

Alice McKenzie Morical
HOOVER HULL LLP
amorical@hooverhull.com

George E. Purdy
BOSE MCKINNEY & EVANS, LLP
gpurdy@boselaw.com

Robert R. Ross
FEDERAL EXPRESS CORPORATION
rrross@fedex.com

W. Alan Wright
HAYNES AND BOONE, LLP
901 Main Street
Suite 3100
Dallas, TX 75202