UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ATA AIRLINES, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO: 1:08-cv-0785-RLY-DML |
| ) | |
| FEDERAL EXPRESS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## Order on Federal Express Corporation's Motion for Leave to File Second Amended Answer

This matter is before the court on Defendant Federal Express Corporation's ("FedEx") Motion to Modify the Case Management Plan and for Leave to File the Second Amended Answer (Dkt. 75). FedEx seeks to amend its answer to add the affirmative defense of preemption. ATA responds that amendment would be prejudicial and futile. Because ATA does not dispute that FedEx has good cause for the amendment and the court finds the amendment would not unduly prejudice ATA or be futile, the court GRANTS FedEx's motion to amend its amended answer to add the affirmative defense of preemption.

### I.   Background

In January 2008, FedEx removed ATA from its "team" that provides air transportation for military personnel. ATA filed this action in June 2008, alleging breach of contract and noncontract claims against FedEx. ATA's noncontract claims include breach of fiduciary duty, breach of the duty of good faith and fair dealing, equitable estoppel, promissory estoppel, constructive fraud/fraudulent concealment, and a claim for attorneys' fees.

FedEx filed its original answer in July 2008, and an amended answer and counterclaim in September 2008. The court set a deadline of November 11, 2008, for amendments to the pleadings, and a discovery deadline of October 30, 2009.

On October 19, 2009, FedEx sought leave to file its second amended answer. FedEx sought to add the affirmative defense of preemption on the basis that ATA's noncontract claims are preempted by the Airline Deregulation Act (ADA). The ADA provides:

> [A] State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier…

49 U.S.C. § 41713(b)(1).

## II.  Legal Standards

To add a defense after the expiration of the trial court's case management plan deadline to amend pleadings, Federal Rule of Civil Procedure 16(b) requires the moving party to show "good cause." *Trustmark Ins. Co. v. General & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005). Whether good cause exists to permit the amendment is primarily an examination of whether the moving party acted diligently. *Id*.

Once a party has satisfied the showing under Rule 16(b), it must satisfy Rule 15(a). *Shotts v. Bombardier, Inc.*, 2006 WL 1663837, *1 (S.D. Ind.). Rule 15(a)'s liberal language allows for amendments at virtually any time during the course of litigation. *Id*. A court, however, may deny leave where undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility exists. *Id*. Prejudice to the opposing party is the most important factor. *Id*., citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1487 (2d ed. 1990).

III.  Discussion

### A. Rule 16(b)

The case management plan deadline for amending pleadings was November 11, 2008. FedEx's motion came almost a year after the expiration of that deadline. Thus, Rule 16(b) requires that FedEx show good cause for belated amendment.

To show good cause for its untimely motion, FedEx asserts that it did not discover that many of ATA's claims were preempted by the ADA until it was researching defenses to them. ATA does not dispute FedEx's assertion or otherwise argue that FedEx does not satisfy Rule 16(b)'s good cause requirement, and on this basis, the court finds the requirement has been met.

### B. Rule 15(a)

1. Undue prejudice

ATA argues that FedEx's late amendment would unduly prejudice its efforts to oppose it on the merits because the discovery period is closed. ATA claims that discovery would be necessary to determine what the terms of the contract were between ATA and FedEx and whether those terms related to the rates, routes, or services of an airline. FedEx replies that no discovery is necessary because the question of whether the noncontract claims relate to a price, route, or service of an airline is a question of law that can be determined with only a review of those claims in ATA's complaint.

Cases that have determined whether the ADA preempted state law claims did so without a record developed through discovery. In *American Airlines, Inc. v. Wolen*, the United States Supreme Court, by reviewing only the complaint, reversed an Illinois Supreme Court ruling that had affirmed the denial of a motion to dismiss Illinois consumer deception claims against an airline. 513 U.S. 219 (1995). The *Wolen* Court held that the ADA bars state-imposed burdens

3

on airlines, but it permits enforcement of the contract terms set by the parties themselves. *Id*. at 232. Also, in *United Airlines, Inc. v. Mesa Airlines, Inc*., the Seventh Circuit affirmed the district court's judgment on the pleadings that dismissed state law claims on the basis of ADA preemption. 219 F.3d 605, 611 (7th Cir. 2000).

ATA seeks discovery to show the terms of the contract that existed between it and FedEx. FedEx's affirmative defense, however, is directed to the noncontract claims and does not concern the contract claim. Regardless of the terms of their contract, the noncontract claims seek to impose additional burdens beyond the terms of any contract that existed between ATA and FedEx. No discovery about the terms of the contract would address whether ATA's noncontract claims are preempted by the ADA. Thus, ATA is not prejudiced by permitting the amendment.

2. Futility

ATA argues that FedEx's requested amendment would be futile because its noncontract claims are not preempted by the ADA. Futility exists if an amendment would not survive a motion for summary judgment. *Sound of Music Co. v. Minnesota Min. & Mfg. Co*., 477 F.3d 910, 923 (7th Cir. 2007).

In addition to filing this motion for leave to amend, FedEx has moved for judgment on the pleadings on ATA's noncontract claims and has filed a motion for summary judgment. The merits of the preemption defense are better addressed in the context of FedEx's other pending motions.

IV. Conclusion

The court grants FedEx's motion for leave to file its second amended answer to add the affirmative defense of preemption.

So ORDERED.

Date: 12/22/2009

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Peter D. Blumberg
FEDERAL EXPRESS CORPORATION
peter.blumberg@fedex.com

Kenneth E. Broughton
HAYNES AND BOONE, LLP
kenneth.broughton@haynesboone.com

Michael E. Gabel
FEDEX LEGAL DEPARTMENT
megabel@fedex.com

M. Kimberly Hodges
FEDEX LEGAL DEPARTMENT
kim.hodges@fedex.com

John David Hoover
HOOVER HULL LLP
jdhoover@hooverhull.com

Don R. Hostetler
HOOVER HULL LLP
dhostetler@hooverhull.com

Thomas E. Kurth
HAYNES AND BOONE, LLP
thomas.kurth@haynesboone.com

Alice McKenzie Morical
HOOVER HULL LLP
amorical@hooverhull.com

George E. Purdy
BOSE MCKINNEY & EVANS, LLP
gpurdy@boselaw.com

Robert R. Ross
FEDERAL EXPRESS CORPORATION
rrross@fedex.com

W. Alan Wright
HAYNES AND BOONE, LLP
alan.wright@haynesboone.com

Carina M. de la Torre
BOSE MCKINNEY & EVANS, LLP
cdelatorre@boselaw.com