UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION


| | | |
|---|---|---|
| ATA AIRLINES, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-0785-RLY-DML |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| Defendant. | ) | |


# COURT'S FINAL JURY INSTRUCTIONS

## FINAL INSTRUCTION NO. 1

Members of the jury, the evidence has been completed, and plaintiff's counsel and defense counsel will make their final arguments to you in a few moments.  You and I now play the most important part of our respective roles in this case.  I will now instruct you on the law that you are to apply to the evidence you have heard in this case.

These instructions are my responsibility, and it is your duty to follow the rules of law stated in these instructions even if you might personally disagree with them.  Regardless of any opinion you may have as to what the law ought to be, your duty as jurors is to base your verdict upon the law as set out in these instructions.

It is your responsibility to determine the facts from the evidence in this case.  Then you are to apply the law to the facts and in this way decide the case.

2

## FINAL INSTRUCTION NO. 2

Neither by these instructions nor by any ruling or remark I have made during the trial, nor from questions that I may have asked a witness, do I mean to indicate any opinion as to the facts or as to what your verdict should be.  You are the sole and exclusive judges of the facts.

**FINAL INSTRUCTION NO. 3**

In this case, both the plaintiff, ATA Airlines, Inc. ("ATA"), and the defendant,

Federal Express Corporation ("FedEx"), are corporations.  All corporations, regardless of

size, are entitled to equal consideration under the law.

## FINAL INSTRUCTION NO. 4

This lawsuit has been brought by the plaintiff, ATA, against the defendant, FedEx.

The U.S. military does not have enough aircraft to transport its passengers around the world, so it relies on U.S. commercial airlines to help fly its missions. The U.S. Defense Department created the CRAF (Civil Reserve Air Fleet) Program so the U.S. commercial airline industry could supply aircraft to be readily available to the military. AMC, Air Mobility Command, is the military branch in charge of military flying.

Since the early 1990s, Plaintiff ATA Airlines, Inc., was a major participant in the CRAF Program. Participation in the CRAF program entitles an airline to bid on contracts the U.S. government awards through the AMC. Carriers such as ATA, several major passenger carriers, Defendant Federal Express Corporation and other airlines that participate in the CRAF program are awarded points, called Mobilization Value Points, or MVPs. The more MVPs a carrier has, the more charter missions it may fly, which leads to more revenue. Over the years, airlines formed teams so they could combine and share their MVPs. Airlines are not required to join a team. Today, there are three major military flying teams: (1) The Alliance Team; (2) The FedEx Team; and (3) The UPS Team. Bidding on the AMC contracts is undertaken by a team representative. FedEx is Team Leader of the FedEx Team, and ATA was a member of the FedEx team since the 1990s. As Team Leader of the FedEx Team, it was FedEx who administered that team.

5

ATA claims that it had a three year contract with FedEx under which it was entitled to 50% of the FedEx Team's international passenger flying for government fiscal years 2007, 2008 and 2009.  ATA claims that FedEx breached this contract when it notified ATA by letter dated January 22, 2008, that ATA would not be a member of the FedEx Team for Fiscal Year 2009.  ATA claims that being dropped from the FedEx Team so hampered its operations that it had no choice but to shut down three months after FedEx sent the January 22, 2008, notice letter.  ATA has sued FedEx for breach of contract, seeking monetary damages from FedEx for the breach.

FedEx denies these claims.  FedEx asserts that its contracts with its team members are annual contracts and that ATA only had a contract with FedEx through the end of Fiscal Year 2008.  FedEx further denies that ATA is entitled to any monetary damages because ATA went out of business on April 3, 2008, before the start of Fiscal Year 2009. FedEx has also made a counterclaim against ATA for breach of contract, alleging that ATA breached its annual contract with FedEx when it ceased operations in April 2008.

## FINAL INSTRUCTION NO. 5

These instructions that I am reading to you will be sent into the jury room along with the exhibits admitted into evidence.

If I have stated any rule, direction, or idea in these instructions in varying ways, I have not intended any special emphasis on the point, and you should not give the point any special emphasis.  For that reason, you are not to single out any certain sentence or any individual point or instruction and ignore the others.  You must consider all the instructions as a whole, and you are to regard each instruction in light of all the others.

**FINAL INSTRUCTION NO. 6**

You have been chosen and sworn as jurors in this case to decide the issues of fact presented by the allegations of the plaintiff, ATA, and the response of the defendant, FedEx.  You are to perform this duty without bias, sympathy, or prejudice for or against either side.  Our system of law does not permit jurors to be governed by bias, sympathy, prejudice, or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated in these instructions, and reach a just verdict, regardless of the consequences.

## FINAL INSTRUCTION NO. 7

Opening statements of counsel were for the purpose of acquainting you in advance with the facts that they expected the evidence to show.  Closing arguments of counsel are for the purpose of discussing the evidence that has actually been presented to you.

Mere assertions alone by counsel in opening statements or final arguments or in the asking of questions of witnesses do not constitute any evidence whatever in this case. You should disregard such assertions because they are not proof of any facts.

Counsel have the duty and the right to address you and to explain the testimony to help you better understand the questions you must decide.  However, if they inadvertently misstate the law or misstate the evidence, you must not follow their mistakes.  It is your duty to follow the law as I instruct you and to consider the evidence detailed by the witnesses and shown by the exhibits admitted into evidence.

During the course of trial, it often becomes the duty of counsel to make objections and for me to rule on them in accordance with the law.  The fact that objections are made or opposed should not influence you in any way.

In your deliberations, you are not to pay any attention to any testimony that was

stricken, or any statements of counsel or other statements made to the court concerning those matters.

You are to try the case upon the evidence and the legitimate inferences that you may draw from that evidence.  You should not be concerned with why the court decided, at various times throughout the trial, that certain evidence should or should not be admitted.  Whether such evidence is admissible is purely a question of law, and you should draw no inferences from the court's rulings on these matters.  In admitting evidence to which an objection is made, the court does not determine what weight should be given to such evidence, nor does it pass judgment on the credibility of the witnesses or exhibits.

## FINAL INSTRUCTION NO. 8

The evidence consists of sworn testimony, deposition testimony, and video testimony of the witnesses, the exhibits received in evidence, and any facts that I instruct you have been established and proven.

## FINAL INSTRUCTION NO. 9

When the attorneys for the parties stipulate or agree to the existence of a certain fact, you should accept such stipulation or agreed fact as conclusively proved.

**FINAL INSTRUCTION NO. 10**

During the trial, certain testimony was presented to you by deposition and by video deposition.  You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

**FINAL INSTRUCTION NO. 11**

Certain demonstrative exhibits have been shown to you.  Those exhibits are used for convenience and to help explain the facts of the case.  They are not themselves evidence or proof of any facts.

## FINAL INSTRUCTION NO. 12

During the trial, you had the opportunity to take notes.  While some people find taking notes to be helpful in assisting their memories, a few words of caution are again necessary.   There can be a tendency to attach undue importance to matters that are written down.  You should be careful not to let yourselves fall into that trap.  For example, you may have considered some testimony unimportant at the time it was presented and thus you might not have written it down, but you now may feel it has greater importance in light of all of the evidence presented.  You must consider the evidence as you recall it now.

Use your notes only as a tool to add to your own individual memory.  Your notes are not evidence and are not necessarily a complete outline of the proceedings or a list of the highlights from the trial.  Your memory should be your greatest asset in deliberating and rendering a decision in this case.

# FINAL INSTRUCTION NO. 13

You are the judges of the credibility — that is, the believability — of all the witnesses.  Especially where the testimony of witnesses conflicts, you must determine whom you will believe and whom you will not believe and what is the truth.

In determining the credibility of the witnesses, you may consider many factors, including their interest or lack of interest in the result of this suit; their manner and bearing on the witness stand; their means or lack of means of knowing the facts about which they have testified; the extent to which they are either supported or contradicted by other evidence; their power of memory or the lack of memory; and any consistent or inconsistent statements made by them.  From considering all the evidence, you will give to each witness the credit to which he or she is entitled.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently.  Also, innocently mis-recalling something, like failing to recall something, is not an uncommon experience.  On the other hand, in other situations, inconsistencies or discrepancies may be intentional falsehoods.  In weighing the effect of any discrepancy, always consider whether it involves an important fact or an unimportant detail, and whether you believe the discrepancy results from an innocent mistake or a deliberate

16

falsehood.

In weighing the evidence and deciding the preponderance of all the evidence, keep in mind that the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence.  You may find that the testimony of a few witnesses or just one witness about a particular fact or issue is more credible than the testimony of a larger number of witnesses who testified differently.  Your job is to consider the testimony of each witness, and to decide which witnesses and which evidence seem to you to be most accurate and trustworthy.

## FINAL INSTRUCTION NO. 14

You may recall that I instructed you at the beginning of the trial about direct evidence and circumstantial evidence.  Direct evidence is direct proof of a stated fact, such as testimony of an eyewitness.  For example, a witness might testify in a case involving a car accident, "I saw the blue car run a red light."  That testimony is direct evidence that the car ran a red light.

Circumstantial evidence is proof of facts from which you may infer or conclude that other facts are true.  You may remember my earlier example of circumstantial evidence.  Assume that when you came into the courthouse this morning the sun was shining.  Assume that the courtroom curtains are drawn and you cannot look outside.  As you sit in the courtroom, you see someone walk in with an umbrella that is dripping wet.  A few minutes later, you see someone else walk in the courtroom with a wet umbrella.  You cannot look outside to see whether or not it is raining.  Therefore, you have no direct evidence that it is raining.  But it would be reasonable for you to conclude that it is raining, and that conclusion would be based on what we call circumstantial evidence.

Both direct and circumstantial evidence can be important in deciding about someone's state of mind, such as his or her purpose or motive in making a decision concerning whether to take some action or not.   In reaching your verdict, you may

18

consider both direct and circumstantial evidence.  Both are of equal weight in the law.

## FINAL INSTRUCTION NO. 15

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's testimony in court.

If you believe any witness has been impeached and thus discredited, it is up to you to give the testimony of that witness the weight, if any, that you think it deserves.  If you believe a witness has knowingly testified falsely about any significant matter, you have a right to distrust that witness's testimony on other matters, and you may reject all the testimony of that witness or give it such weight as you think it deserves.

## FINAL INSTRUCTION NO. 16

Generally, a witness may not express an opinion.  However, one who follows a profession or special line of work is permitted to express an opinion because of the knowledge, skill, experience, training, or education of the witness.  The purpose of such testimony is to assist you in arriving at a just verdict.

You should judge the testimony of the expert witness in the same manner as you judge the testimony of any other witness.  In determining its weight, you may also take into consideration the expert's skill, experience, knowledge, veracity, familiarity with the facts of this case, and the general rules for determining the credibility of witnesses.

## FINAL INSTRUCTION NO. 17

In these instructions, you will hear references to the term "preponderance of all the evidence." The term "preponderance of all the evidence" means evidence which, when considered and compared with that opposed to it, has more convincing force and produces in your mind a belief that the facts are more likely true than not true.

In these instructions, I will use the phrase "if you find." That phrase means "if you find from a preponderance of all the evidence," as I have just defined it for you.

## FINAL INSTRUCTION NO. 18

In determining your verdict, you may consider your experiences as persons in many walks of life, and you may consider the evidence as you have heard and seen it in light of your experience.

In other words, you will go to your jury room armed not only with the evidence, but also with your common sense.

## FINAL INSTRUCTION NO. 19

I will now turn to the substantive law that you are to apply in answering the questions on the special verdict form.  Both ATA and FedEx have brought claims for breach of contract.  The elements of a breach of contract claim are: (1) the existence of an enforceable contract, (2) non-performance amounting to a breach of the contract, and (3) damages caused by the breach of contract.

An enforceable contract requires a meeting of the minds of the parties, in mutual assent to all essential terms, must be based on sufficient consideration, free from fraud or undue influence, not against public policy, and sufficiently definite to be enforced.

I will now instruct you on these elements in greater detail.

**FINAL INSTRUCTION NO. 20**

A contract is an agreement or exchange of promises between two or more parties to do or not to do certain things.  This agreement or exchange of promises can be oral or in writing and must be supported by something of value.  The requirements for a valid contract are an offer, an acceptance, consideration, competent parties, and a legal purpose.

## FINAL INSTRUCTION NO. 21

A contract may be made up of several different documents if the parties intended that the various documents would be one contract.

In addition, a contract may consist of both oral and written promises.  The oral terms of the contract may be enforced just as though those terms had appeared in a written agreement.

## FINAL INSTRUCTION NO. 22

An offer occurs when one party communicates to the other party or parties a willingness to enter into a contract.  The communication must be made under circumstances that would justify the other party or parties in understanding that an agreement would result if the offer were accepted.

## FINAL INSTRUCTION NO. 23

An acceptance occurs when a party or parties communicate by words or actions an agreement to an offer.  It must be made before the offer is withdrawn and must match the terms of the offer.

## FINAL INSTRUCTION NO. 24

For there to be sufficient exchange of consideration, something of value must be bargained for and given in exchange for the other party's promise.  "Something of value" may be a promise, an act, or forbearance.  It can be a benefit to one party or a detriment to the other party.  Its actual value in money terms is not important.

## FINAL INSTRUCTION NO. 25

To be valid and enforceable, a contract must be reasonably definite and certain in its terms.  It must spell out the obligations of each of the parties with reasonable definiteness.  Indefiniteness as to any essential element of the agreement may prevent the creation of an enforceable contract.  The terms of a contract are reasonably definite if they provide a basis for determining the existence of a breach and for giving an appropriate remedy.

When a party's bargain is sufficiently definite to be a contract, but they have not agreed with respect to a term that is necessary to a determination of their rights and duties, a term which is reasonable may be supplied by the court.

## FINAL INSTRUCTION NO. 26

An enforceable contract requires that the parties intend to assume an obligation.

Intent to assume an obligation may be determined not only by the words used, but also by the situation, acts, conduct of the parties, and attendant circumstances.

## FINAL INSTRUCTION NO. 27

If either party knows or has reason to know that the other party regards an agreement as incomplete and intends that no obligation shall exist until all essential terms are assented to, or until the whole agreement has been reduced to another written form, the preliminary negotiations and agreements do not constitute an enforceable contract.

## FINAL INSTRUCTION NO. 28

During the trial, you have heard testimony regarding an integration clause, or

"Entire Agreement" clause, contained in the FedEx Teaming Arrangement Fee

Agreement.  It is your role, as jurors, to determine the parties' intent in including this

clause.  The intent of the contracting parties at the time of executing the agreement

governs.  In construing the contract, the words expressing the parties' intentions should

be given their plain and ordinary meaning.

## FINAL INSTRUCTION NO. 29

Any party to a contract has a legal right to abandon or refuse to perform the contract where the other party has unequivocally renounced the contract or is completely unable to perform the terms of the contract. This is called anticipatory repudiation.

In order to recover damages under a repudiation theory, the plaintiff has the burden to show that, but for the defendant's repudiation, it had the ability to perform the contract when its performance would have come due. If the plaintiff could not or would not have been able to perform the contract, the plaintiff is not entitled to recover damages for the breach.

## FINAL INSTRUCTION NO. 30

If you find that a valid contract was entered into you must determine whether the defendant breached the contract. If a party does not perform according to the contract terms, that party has committed a breach of the contract. Any unexcused breach of contract allows a non-breaching party to recover damages.

The breach of contract must be a material breach. A minor or insubstantial failure of a party to meet the terms of a contract does not entitle the other party to reject the contract and not be responsible under it. A party who commits the first substantial breach of a contract cannot enforce the contract against the other party even if the other party later fails to abide by the terms of the contract.

ATA claims that FedEx breached an enforceable contract by not including ATA on the FedEx military charter team for fiscal year 2009.

FedEx claims that ATA breached an enforceable contract by not performing for all of fiscal year 2008.

## FINAL INSTRUCTION NO. 31

I will now turn to instructions on the award of damages.

If you find that ATA has proven its claim against FedEx, then you must determine what amount of damages, if any, ATA is entitled to recover.  ATA must prove its damages by a preponderance of the evidence.  If you find that ATA has failed to prove its claim, then you will not consider the question of ATA's damages.  If you find that FedEx has proven its claim against ATA, then you must determine what amount of damages, if any, FedEx is entitled to recover.  FedEx must prove its damages by a preponderance of the evidence.  If you find that FedEx has failed to prove its claim, then you will not consider the question of FedEx's damages.

By instructing you on damages, I am not suggesting which party should win on any issue.

## FINAL INSTRUCTION NO. 32

The party seeking damages has the burden of proving its damages by a preponderance of the evidence.  It is for you to determine what damages have been proven.  You may award only those damages that are ascertainable with reasonable certainty.  Damages need not be calculable with mathematical certainty.

## FINAL INSTRUCTION NO. 33

The party seeking to recover damages in a breach of contract action must prove by

a preponderance of the evidence that the breach was the cause of the claimed damages.

## FINAL INSTRUCTION NO. 34

When a contract is breached, the injured party is entitled to be placed in as good a position as would have been occupied had the contract been fulfilled in accordance with its terms.  The injured party is not entitled to be put in a better position by a recovery for breach of contract than would have been realized if there had been full performance.  In addition, the purpose of a damage award in a breach of contract action is to compensate the plaintiff, not to punish the defendant.

The damages to be awarded are those that may fairly and reasonably be considered as arising out of the breach or those that may reasonably have been in the contemplation of the parties when the contract was made.

**FINAL INSTRUCTION NO. 35**

As damages, ATA is seeking lost profits.  An injured party may recover lost profits for breach of contract.  The measure of lost profits damages is the profits the plaintiff would have made had the contract been performed, less any other cost or other loss that the plaintiff has avoided by not having to perform.

Lost profits should not be awarded if it is uncertain that the defendant's breach caused the loss, or uncertain that the plaintiff would have made a profit in the absence of a breach.  As noted in a previous instruction, lost profit damages need not be proven with mathematical certainty.  However, any damages you award must be based on the evidence, and not upon speculation, guesswork, or conjecture.

**FINAL INSTRUCTION NO. 36**

An injured party has a duty to mitigate damages; that is, to take reasonable steps to minimize damages resulting from the injury.  The injured party may not recover for damages that could reasonably have been avoided.  However, the law does not require a party to take extraordinary efforts which are unreasonable or impractical.

FedEx claims that ATA failed to properly mitigate damages.  This is an affirmative defense.  This means that FedEx has the burden to prove that ATA failed to mitigate its damages resulting from FedEx's breach of contract, as well as the amount of damages ATA could have avoided by mitigating its damages, by a preponderance of the evidence.

## FINAL INSTRUCTION NO. 37

As damages, FedEx is seeking to recover from ATA its expenses in transporting soldiers scheduled to fly on missions that ATA did not perform following the shut down of ATA.

Expenses should not be awarded if it is uncertain that the breach caused the loss. As noted previously , the claimed expenses need not be proven with mathematical certainty, but rather proven to a reasonable certainty to take recovery out of the realm of speculation or conjecture.

## FINAL INSTRUCTION NO. 38

I remind you that your duty is to decide this case without bias, sympathy, or prejudice for or against either side.  Your duty is to weigh the evidence carefully, and to apply the law in these instructions to the facts as you find them.

## FINAL INSTRUCTION NO. 39

Upon retiring to the jury room, select one of your members as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

[Form of verdict read.]

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in the verdict form and date it.

When you wish to return your verdict, you will notify the bailiff.

# FINAL INSTRUCTION NO. 40

The verdict must represent the considered judgment of each juror.  Any verdict, whether for the plaintiff or the defendant, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

You should give fair and equal consideration to all the evidence, and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are the impartial judges of the facts.  Your sole interest is to ascertain the truth from the evidence in the case.

## FINAL INSTRUCTION NO. 41

From now until you are discharged, you must remain together in a group, and in the charge of the bailiff.  During your deliberations, you are not to talk with anyone other than your fellow jurors.  If you need anything (other than food or refreshments or other accommodations) the only proper way to communicate with the court is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the bailiff.

No member of the jury may ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching on the merits of the case except in writing, or orally here in open court.  Remember that you have already heard all of the evidence in this case and you have all of the law applicable to this case in these instructions.  Therefore, it is unlikely that I would be able to answer any questions about the evidence or the law in this case.

You will notice from the oath about to be taken by the bailiff that he too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person — not even to the

court — how the jury stands, numerically or otherwise, on the questions before you, until

after you have reached a unanimous verdict.