UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ATA AIRLINES, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-0785-RLY-DML |
| | ) | |
| FEDERAL EXPRESS CORP., | ) | |
|     Defendant. | ) | |

**ENTRY AND ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT and PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT**

On October 21, 2010, following the jury trial in this breach of contract action, the court issued a document, entitled "Judgment in a Civil Action," in favor of Plaintiff, ATA Airlines, Inc. ("ATA"). The Judgment recites that this action was tried by a jury and that the jury rendered a verdict. On its face, the document does not state the amount of damages the jury awarded ATA, and does not state the amount of pre- or post-judgment interest to be awarded ATA. ATA now moves to alter or amend the judgment in this case, and moves for the entry of a final judgment, to correct these deficiencies. The court finds that ATA's motions should be **GRANTED**.

    **A.    The Jury's Award**

The Supreme Court has held that "a final judgment for money must, at least, determine, or specify the means for determining the amount" to be awarded. *Frontier Ins. Co. v. Hitchcock*, No. 10-2044, slip op. at 4 (7th Cir. Jan. 14, 2011) (quoting *United*

1

*States v. F.& N. Schaefer Brewing Co.*, 356 U.S. 227, 233 (1958)). The jury awarded ATA $65,998,411.00 in compensatory damages, and thus, the damages figure should have been included in the Judgment. Accordingly, this amount will be included in the Amended Final Judgment.

   **B.     Prejudgment Interest**

The amount of prejudgment interest in this case is the subject of dispute. As this case involves a contract analyzed under Tennessee law, the Tennessee Code governs the amount of prejudgment interest ATA is entitled to. Section 47-14-103 of the Tennessee Code reads:

> Except as otherwise expressly provided by this chapter or by other statutes, the maximum effective rates of interest are as follows:
>
> (1)   For all transactions in which provisions of other statutes fix a maximum effective rate of interest for particular categories of creditors, lenders, or transactions, the rate so fixed;
>
> (2)   For all written contracts, including obligations issued by or on behalf of the state of Tennessee, any county, municipality, or district in the state, or any agency, authority, branch, bureau, commission, corporation, department, or instrumentality thereof, signed by the party to be charged, and not subject to subdivision (1), the applicable formula rate; and
>
> (3)   For all other written transactions, ten percent (10%) per annum.

TENN. CODE ANN. § 47-14-103. Based upon the plain language of the statute, the court finds that this case falls under Section (2), and not under Section (3) as ATA contends. Thus, the applicable formula rate applies, and is defined as the greater of:

(A) The "formula rate" in effect at such time; or (B) The "formula rate" last

2

published in the Tennessee Administrative Register prior to such time, pursuant to § 47-14-105.

TENN. CODE ANN. § 47-14-102(3)(A)-(B). The formula rate is defined as:

an annual rate of interest four (4) percentage points above the average prime loan rate (or the average short-term business loan rate, however denominated) for the most recent week for which such an average rate has been established by the board of governors of the Federal Reserve System, or twenty-four percent (24%) per annum, whichever is less.

TENN. CODE ANN. § 47-14-102(7). The average prime loan rate, as of January 21, 2011, is 3.25%,[1] meaning the maximum applicable rate is 7.25%.

The court is given wide latitude in determining an appropriate prejudgment interest rate. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). Given the economic climate and the low rate of interest offered by banking institutions, an award of prejudgment interest at the prime loan rate is more than sufficient to make ATA whole. Accordingly, ATA is entitled to prejudgment interest at the rate of 3.25% for the period April 3, 2008, to January 24, 2011 (or until the day before a judgment is entered). The table below sets out prejudgment interest calculations for both of the jury's lost profits awards:

---

[1] This number is taken from http://www.wsjprimerate.us/. *See also* http://www.state.tn.us/tdfi/rates/historical_listing_of_formula_rates.html.

| Damage Award | Days in Interest Period Through 1-24-2011 | Per Diem Interest at 3.25% Simple Interest | Total Interest Through 1-24-2011 at 3.25% Simple Interest |
|---|---|---|---|
| $21,999,470 (FY 2008) | 1027 (4-3-2008 through 1-21-2011) | $1,958.86 | $2,011,746.05 |
| $43,998,941 (FY 2009) | 846 (10-1-2008 through 1-21-2011) | $3,917.71 | $3,314,385.98 |
| TOTAL | | | $5,326,132.03 |

### C. Post-judgment Interest

Title 28, United States Code, Section 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). The interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id.* The interest "shall be compounded annually . . . ." 28 U.S.C. § 1961(b).

The most current federal post-judgment interest rate, for the week ending January 14, 2011, is 0.27%.[2] Pursuant to 28 U.S.C. § 1961, ATA is entitled to post-judgment interest at the current federal rate on the date of judgment, compounded annually, on the total amount of the judgment. 28 U.S.C. § 1961(a).

---

[2] This number is taken from: http://www.federalreserve.gov/releases/h15/current/.

### D. Conclusion

The court hereby **GRANTS** Plaintiff's Motion to Alter or Amend Judgment (Docket # 222) and **GRANTS** Plaintiff's Motion for Entry of Final Judgment (Docket # 220). The court shall issue an Amended Final Judgment reflecting the above in a separate document.

**SO ORDERED** this  24th  day of January 2011.

                                                                       RICHARD L. YOUNG,  CHIEF JUDGE
                                                                       United States District Court
                                                                       Southern District of Indiana

Electronic Copies to:

Peter D. Blumberg
FEDERAL EXPRESS CORPORATION
peter.blumberg@fedex.com

Kenneth E. Broughton
HAYNES AND BOONE, LLP
kenneth.broughton@haynesboone.com

Michael E. Gabel
FEDEX LEGAL DEPARTMENT
megabel@fedex.com

M. Kimberly Hodges
FEDEX LEGAL DEPARTMENT
kim.hodges@fedex.com

John David Hoover
HOOVER HULL LLP
jdhoover@hooverhull.com

Don R. Hostetler
HOOVER HULL LLP
dhostetler@hooverhull.com

Thomas E. Kurth
HAYNES AND BOONE, LLP
thomas.kurth@haynesboone.com

Alice McKenzie Morical
HOOVER HULL LLP
amorical@hooverhull.com

George E. Purdy
BOSE MCKINNEY & EVANS, LLP
gpurdy@boselaw.com

Robert R. Ross
FEDERAL EXPRESS CORPORATION
rrross@fedex.com

W. Alan Wright
HAYNES AND BOONE, LLP
alan.wright@haynesboone.com