UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| ATA AIRLINES, INC., | ) | |
|         Plaintiff, | ) | |
| | ) | |
|    vs. | ) | 1:08-cv-0785-RLY-DML |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
|       Defendant. | ) | |

**ENTRY ON FEDERAL EXPRESS CORPORATION'S BILL OF COSTS**

Federal Express Corporation ("FedEx") is a member of the Department of
Defense's Civil Reserve Air Fleet ("CRAF") and is the leader of one of the CRAF
program's "teams."  In October 2010, plaintiff, ATA Airlines, Inc. ("ATA"), a former
member of the FedEx Team, successfully obtained a verdict in excess of $65,000,000.00
against FedEx on the theory that FedEx breached an enforceable three-year contract with
ATA, the terms of which reserved to ATA 50% of the FedEx Team's long range
international passenger business for government fiscal years 2007-2009.  FedEx appealed
on grounds that there was no enforceable contract between the parties and won.  FedEx
now moves for costs under Federal Rule of Civil Procedure 54(d) and Federal Rule of
Appellate Procedure 39(e) in the amount of $316,345.66.

**A.**      **Objections to FedEx's Rule 39(e) Costs**

ATA objects to the premium FedEx paid for FedEx's supersedeas bond
($268,323.00), asserting that the bond was unnecessary, excessive, and not requested by

1

the court or ATA.  Rule 39(e) of the Federal Rules of Appellate Procedure specifically provides that the premium paid for a supersedeas bond is taxable in the district court. Moreover, as part of its Response, FedEx attached emails from ATA's attorney in which he requested that FedEx's bond "cover post-judgment interest for at least one year from the date of judgment and the taxable costs reflected in ATA's bill of costs previously filed."  (FedEx Ex. A; *see also* FedEx Ex. B (calculating that the bond amount should be $71,552,834.95)).  ATA, therefore, has no basis to object to the premium.  Accordingly, ATA's objection is **OVERRULED**.

A court reporter's transcript fee is also taxable "if needed to determine the appeal." FED. R. APP. P. 39(e)(2).  ATA objects to the court reporter's transcript fee of $4,302.40 on two grounds.  First, ATA contends that the itemized charges totaling $677.40 for extra copies of the transcript are not necessary to determine the appeal.  Although FedEx does not agree, it withdraws its request for that sum.  Second, ATA contends that the remaining $3,625.00 in transcript charges is based on the court reporter's daily copy charge ($7.25 per page) rather than the court reporter's non-expedited rate ($3.65 per page), resulting in an excessive charge.  The court agrees with ATA that it should be taxed at a non-expedited rate; the additional charges associated with daily copy are not necessary to the appeal.  FedEx is therefore entitled to $1,825.00 ($3.65 x 500) in transcript fees.  Accordingly, ATA's objection is **SUSTAINED in part**.

**B.     Objections to FedEx's Rule 54(d) Costs**

ATA objects to FedEx's transcript-related costs ($1,512.96) and witness-related

costs ($3,496.90) associated with the jury trial.  FedEx does not agree that these costs are inappropriate or excessive; however, it withdraws its request for these fees.  ATA's objection is therefore **SUSTAINED**.

### C.     Conclusion

For the reasons set forth above, FedEx is entitled to costs in the amount of $308,858.40.


**SO ORDERED** this <u>31st</u> day of October 2012.


RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.